Augusto Guillermo FALCON,
Petitioner–Appellant,

v.

UNITED STATES BUREAU OF PRIS-
ONS, Michael B. Cooksey, Warden,
USP–Marion, and United States Mar-
shals Service, Respondents–Appellees.

No. 94–2175.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 6, 1994.

Decided March 30, 1995.

Albert J. Krieger (argued), Susan W. Van
Dusen, Scott Srebnick, Miami, FL, Burton
H. Shostak, Moline & Shostak, Clayton, MO,

Neil M. Schuster, Mark Dachs, Miami, FL, for Augusto G. Falcon.

Laura J. Jones, Asst. U.S. Atty., 618/628–3700, Thomas Edward Leggans (argued), Office of U.S. Atty., Crim. Div., Fairview Heights, IL, for U.S. Bureau of Prisons, Michael B. Cooksey, USP Marion and U.S. Marshals Service.

Before COFFEY, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Augusto Falcon faces numerous drug-related charges in the United States District Court for the Southern District of Florida. Since October 15, 1991, Falcon has been in the custody of the Bureau of Prisons (BOP), as the result of a pretrial detention order issued by United States District Judge Federico Moreno. From October 15, 1991 through August 25, 1992, Falcon was housed at the Miami Metropolitan Correctional Center (MCC–Miami). Due to the damage caused by Hurricane Andrew, Falcon was transferred to the Federal Correctional Institute in Talladega, Alabama (FCI–Talladega). For reasons that are irrelevant to this proceeding, Falcon was again transferred from FCI–Talladega to the United States Penitentiary in Atlanta (USP–Atlanta) on June 29, 1993. In late September 1993, Falcon was sent to MCC–Miami in anticipation of the trial scheduled to commence on October 4, 1993. The trial was postponed due to the appeal of a suppression order, and the BOP transferred Falcon to the United States Penitentiary at Marion, Illinois (USP–Marion).

■ Falcon filed for a writ of habeas corpus in the Southern District of Illinois, originally claiming that his confinement at USP–Marion violates his Fifth Amendment rights to be free from punishment and to prepare for trial and his Sixth Amendment right to have access to the effective assistance of counsel.[1] At oral argument, Falcon expressly narrowed the issue on appeal to that of effective assistance of counsel. Falcon claims that his detention at USP–Marion,

which requires his counsel to travel over 2000 miles round trip from Miami, Florida in order to meet face-to-face with Falcon, unconstitutionally infringes Falcon's right to effective assistance of counsel. Falcon does not allege, however, any specific prejudice as a result of the travel distance, other than the obvious inconvenience his counsel encounters.

■ Falcon cannot seek redress through a writ of habeas corpus. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez,* 411 U.S. 475, 484–85, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973). We have extended the writ, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See United States v. Harris,* 12 F.3d 735, 736 (7th Cir.1994). Falcon directs our attention to *Graham v. Broglin,* 922 F.2d 379 (7th Cir.1991), in which we provided guidance to determine whether the appropriate remedy for a prisoner is a habeas corpus action or a civil rights claim. *Graham* states:

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law. . . .

*Id.* at 381. Applying this standard, we held that the appropriate vehicle to challenge the prison's denial of petitioner's application for work release was by way of a civil rights action. The court reasoned that, although it was a close case, whether the prisoner worked in a factory within the prison system or in the outside world was more or less a difference in location as opposed to a difference in the level of confinement. *Id.*

---

[1] In the district court, Falcon also asked for a writ of mandamus. The court found that it lacked jurisdiction to grant Falcon relief under the mandamus statute. Falcon does not appeal this finding.

■ Thus, *Graham* created a general rule that governs these claims. A petitioner who seeks a "quantum change" in the level of confinement must use the writ. A prisoner who seeks anything else must use a civil rights action. Falcon has not challenged the rule in *Graham;* instead he has tried to fit his claim within it. Falcon contends he is asking for such a "quantum change." But as should appear evident, *Graham* gets Falcon nowhere; as his appeal now stands, he is challenging only his location within the BOP system. Such a challenge does not request a "quantum change in the *level* of custody." This is true even though a transfer from Marion to another facility might also result in a decrease in the level of confinement because Marion is under twenty-three hour lockdown. *See id.* (stating that civil rights was proper avenue "even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks."). Therefore, the district court was correct in holding that it did not possess habeas jurisdiction over Falcon's claim.

■ On occasion courts have stated that if a petitioner mistakenly labels his claim as one rising in habeas corpus, and the claim is actually a civil rights claim, the court should convert the claim into one sounding in civil rights. *See, e.g., Graham,* 922 F.2d at 381–82 (collecting cases). Yet in each of the cases relied upon by Falcon, a pro se petitioner confronted the court. Falcon, on the other hand, has retained a cadre of extremely experienced attorneys, headed by Albert Kreiger. Moreover, both the government and the district court suggested the possibility that Falcon's claim was really a *Bivens* cause of action, and Falcon's attorneys, possibly for tactical reasons, declined to follow that path. We, therefore, will not force them down it.

■ Even if we were to construe Falcon's claim as a *Bivens* cause of action, it would also be subject to dismissal. A litigant who is seeking injunctive, as opposed to monetary, relief through the federal civil rights laws must exhaust any appropriate adminis-

trative remedies, if available. *See Irwin v. Hawk,* 40 F.3d 347, 348–49 (11th Cir.1994). In *McCarthy v. Madigan,* 503 U.S. 140, 155–56, 112 S.Ct. 1081, 1092, 117 L.Ed.2d 291 (1992), the Supreme Court held that where a federal prisoner brought a *Bivens* action seeking only money damages, exhaustion is not required. The Court stated, however, that, if injunctive relief were sought, exhaustion would be required if the administrative remedies "would be capable of producing the type of corrective action desired." *Id.,* 503 U.S. at 153 n. 5, 112 S.Ct. at 1091 n. 5. The BOP has an administrative review system to address grievances, *see* 28 C.F.R. § 542 *et seq.,* and Falcon did not formally take advantage of it.

More fundamentally, however, Falcon has a judicial remedy that he has not pursued. Judge Moreno, who is presiding over Falcon's drug case pending in the Southern District of Florida retains jurisdiction over all pretrial, trial and post-trial aspects of that case. In particular, in this case, we may presume that Judge Moreno acted in accordance with 18 U.S.C. § 3142(i) in ordering pretrial detention for Falcon. Pursuant to § 3142(i)(3), that order must direct the BOP to provide Falcon with "reasonable opportunity for private consultation with counsel." Moreover, Judge Moreno has discretionary authority under § 3142(i)(3) to order Falcon into the custody of a United States Marshal if he determines that such action is necessary for preparation of his defense. Section 3142(i)(3) is designed to protect a defendant's Sixth Amendment right to counsel, and if that right is being infringed, Judge Moreno has the statutory authority to protect Falcon's access to counsel.[2]

It seems to us to go far afield to seek habeas corpus relief which could conceivably interfere with the trial judge's control of the criminal case pending before him. Any problem Falcon has with his access to counsel resulting from the nature of his pretrial detention should be addressed to Judge Moreno in the first instance.

---

**2.** Furthermore, any pretrial detention order is subject to appellate review. 18 U.S.C. § 3145.

The trial court's dismissal of Falcon's petition for writ of habeas corpus is AFFIRMED.