73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Angel L. PANTOJA, Plaintiff-Appellant,
v.
Howard A. PETERS and Daniel Bosse, Defendants-Appellees.
 No. 94-3597.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 20, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Angel Pantoja brought this action under 42 U.S.C. Sec. 1983 claiming that the Illinois Department of Corrections improperly denied him good time credits in violation of his equal protection rights. Pantoja sought both the allegedly wrongfully withheld good time credits and money damages. The defendants moved for summary judgment on the merits--that Pantoja was statutorily ineligible for the good time credits because he was a class X criminal and a repeat offender.[1] The district court concluded that Pantoja's Sec. 1983 action was in actuality a "mislabelled" petition for a writ of habeas corpus, and that the action must be dismissed, without prejudice, for failure to exhaust state remedies.
 
 
 2
 Neither party meaningfully challenges the district court's resolution. When a prisoner wants a "quantum change" in his confinement, he must utilize a petition for a writ of habeas corpus. See Falcon v. U.S. Bureau of Prisons, 52 F.3d 137, 139 (7th Cir.1995); Graham v. Broglin, 922 F.2d 379, 380-81 (7th Cir.1991). By seeking good time credits, which if received would shorten his sentence, Pantoja wanted a "quantum change" in his sentence. Further, neither party disputes that Pantoja has not yet brought his claims in state court. While the defendants did not raise the issue of Pantoja's failure to exhaust his state remedies in the district court, they do not claim that the district court abused its discretion in raising and deciding the issue sua sponte.[2]
 
 
 3
 Defendants do argue, however, that this court should utilize its discretion, pursuant to Granberry v. Greer, 481 U.S. 129 (1987), to decide the case on the merits. In Granberry, the Supreme Court held that when the state raises the non-exhaustion defense for the first time at the appellate level, the appellate court may take a "fresh look at the issue," and has discretion to consider the merits or dismiss for failure to exhaust state remedies. 481 U.S. 133-134. The appellate court, however, is required to consider the interests of comity and federalism in making this choice. Id. at 134.
 
 
 4
 Several factors counsel against this court addressing the merits. First, unlike Granberry, the exhaustion issue was resolved at the district court level. Thus, there is no need for this court to take a "fresh look" at the issue. Second, also in contrast to Granberry, the district court has not addressed the merits. Third, and most significant, the state has at least partially conceded that the case involves a potential ambiguity in the Illinois statute. (See Defendant's Brief at 14 n. 4).[3] The potential ambiguity in Illinois law is best first presented to the Illinois courts.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Pursuant to 730 ILCS 5/3-6-3(a)
 
 
 [2]
 As the district court was the only participant to realize the action was actually a habeas case, this is not surprising. As the defendants apparently did not realize the plaintiff's action was a "mislabelled" habeas case, the failure to raise exhaustion of state remedies in the district court was likely inadvertent
 
 
 [3]
 The defendants have also noted that the Illinois Supreme Court has previously held that the amended statute could not be applied to certain prisoners due to ex post facto problems. (Defendant's Brief at 9-10 n. 2 (citing Barger v. Peters, 163 Ill.2d 357, 645 N.E.2d 175 (1994), cert. denied, 115 S.Ct. 1838 (1995)))