Anthony PRATT, Plaintiff–Appellant,

v.

John M. HURLEY, Warden, Federal Correctional Institution, Oxford, Wisconsin, Defendant–Appellee.

Anthony PRATT, Plaintiff–Appellant,

v.

FEDERAL BUREAU OF PRISONS, et al., Defendants–Appellees.

Nos. 95–3327, 95–3440.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 2, 1996.

Decided March 18, 1996.

Anthony Pratt, submitted on briefs, Chicago, IL, pro se.

Leslie K. Herje, Office of U.S. Atty., Madison, WI, for defendant-appellee.

Before FLAUM, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Anthony Pratt, a federal prisoner, filed two Bivens actions. The first seeks damages for inadequate library facilities, which Pratt alleges deprived him of access to the courts, see *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), by causing him to lose a state case. (Pratt says that the prison library does not have Wisconsin's rules of procedure in its collection, and that failure to comply with these rules led the state court to dismiss his suit.) The second, filed two months after the first, seeks damages on account of the defendants' decision not to place Pratt in a community corrections center. The district court allowed Pratt to proceed in forma pauperis in the first case but soon dismissed it for failure to exhaust remedies within the Bureau of Prisons. The court denied the request to proceed in forma pauperis in the second case, explaining: "Since the instant case is not of an exceptional or emergency nature, petitioner [sic] will be required to resolve his pending case before pursuing this one." Then the judge certified that appeals in both cases are frivolous. Pratt now asks us to certify that the appeals are not frivolous, so that he may pursue them. See 28 U.S.C. § 1915(a). We make that finding and on one appeal summarily reverse the dismissal.

There is no exhaustion rule for damages suits by federal prisoners. *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). Pratt wants not only damages but also an injunction that would require the prison library to improve its collection, remain open for additional hours, and provide more assistance to prisoners. Citing a footnote in *McCarthy*, the district court held that the presence of an equitable claim leads to dismissal of legal and equitable claims alike. Yet the footnote does not say this. It reads:

Petitioner concedes that if his complaint contained a prayer for injunctive relief, exhaustion principles would apply differently. Were injunctive relief sought, the grievance procedure probably would be capable of producing the type of corrective action desired. Additionally, because of the continuing nature of conduct subject to injunctive relief, the short filing deadlines would pose less difficulty because the limitations period would be triggered anew by ongoing conduct.

503 U.S. at 153 n. 5, 112 S.Ct. at 1091 n. 5 (citation omitted). We may assume that the Bureau of Prisons' grievance procedures are

"capable of producing the type of corrective action desired" to the extent Pratt wants more books, more help, and longer library hours, along the lines of *Casey v. Lewis,* 43 F.3d 1261 (9th Cir.1994), cert. granted, —— U.S. ——, 115 S.Ct. 1997, 131 L.Ed.2d 999 (1995) (argued Nov. 29, 1995). They are not capable of compensating Pratt for what he lost in the state case. Moreover, delay while Pratt pursues the multiple levels of administrative review creates a substantial risk that, by the time the Bureau of Prisons delivers its answer, the statute of limitations will have run on the request for damages.

*Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137 (7th Cir.1995), on which the district court relied, does not hold that a *Bivens* suit combining a request for money on account of past injury, with a request for an injunction to prevent future injury, may be dismissed on exhaustion grounds. *Falcon* sought a writ of habeas corpus and disclaimed any request for either injunctive relief or damages. In passing the court declared that, if the suit had been recast as a demand for an injunction, exhaustion would have been required for the same reason it is required of petitioners who seek writs of habeas corpus. *Falcon* has nothing to do with cases seeking both damages and injunction. But there is support for the district court's position in other circuits. E.g., *Caraballo–Sandoval v. Honsted,* 35 F.3d 521 (11th Cir.1994); *Irwin v. Hawk,* 40 F.3d 347 (11th Cir.1994); see also *Arvie v. Stalder,* 53 F.3d 702, 705–06 (5th Cir.1995) (approving these cases, albeit in a suit governed by 42 U.S.C. § 1997e).

These decisions, and equivalent unpublished orders in two other circuits, rely on footnote 5 of *McCarthy.* Both the opinions and the unpublished orders assume that the court has only two options: (a) entertain the requests for damages and injunction without requiring exhaustion, or (b) dismiss the entire suit, requiring the prisoner to exhaust. It is understandable that the courts thought (b) the preferable course, given the ability of the administrative process to avoid the need for the judicial branch to intervene in the management of prisons. Yet there are at least two other options: (c) entertain the request for damages while requiring exhaustion of the demand for prospective relief; and (d) stay proceedings on the request for damages while the prisoner pursues administrative relief. Option (d) has the support of cases such as *Deakins v. Monaghan,* 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988), which held that when a federal court abstains to let state judges have first crack at a question, the court must stay rather than dismiss a federal suit seeking damages, if the state tribunal cannot award damages. Just so here, for the Bureau of Prisons cannot give Pratt the damages he seeks. See *McCarthy,* 503 U.S. at 156–57, 112 S.Ct. at 1092–93 (Rehnquist, C.J., concurring). As in both *McCarthy* and *Deakins,* dismissal puts injured parties at risk of losing their damages claims (on limitations grounds) as the price of seeking equitable relief.

Pratt's appeal therefore cannot be called frivolous. We grant permission to proceed on appeal in forma pauperis, and we will appoint counsel to represent Pratt in this court. Counsel should address all four of the potential options for cases of this sort, and a merits panel then will be properly equipped to decide the question.

■ As for Pratt's second suit: there is no one-plaintiff-one-case principle. Congress has authorized judges to deny forma pauperis status and dismiss the suit "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). See *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The district judge did not find that Pratt's second suit is "frivolous or malicious." It relied exclusively on a homemade rule that paupers can pursue only one case at a time, unless the second is "of an exceptional or emergency nature". That rule lacks statutory support and cannot be reconciled with the courts' obligation to exercise their jurisdiction. "We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821). Compare *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817–18, 96 S.Ct. 1236,

1246–47, 47 L.Ed.2d 483 (1976), with *Wilton v. Seven Falls Co.*, —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Because litigation may be extended-for example, it is possible that the outcome of Pratt's access-to-the-courts appeal could produce a reinstated, but stayed, case that could linger on the docket for years, until the Bureau of Prisons completes its internal procedures at its own bureaucratic pace—the one-case rule can produce not only delay but also forfeiture of rights.

By citing *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989), and *In re Davis*, 878 F.2d 211 (7th Cir.1989), the district court implied that Pratt is a vexatious filer, who has lost the privilege of proceeding without prepayment of costs. For that is what those opinions are about; they do not support a one-case-per-litigant rule. Yet the district court did not find either that Pratt has abused the judicial process or that his suit is frivolous—although *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), might have supported the latter conclusion; see also *Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). If Pratt is pestiferous, the district judge may require him to prepay the docket fees and may impose other conditions to ensure that judicial time is reserved for persons with just grievances. See *Sassower v. ABA*, 33 F.3d 733 (7th Cir.1994); Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995). But the court may not dismiss out of hand potentially meritorious claims, just because the plaintiff has another case on the docket. Being a victim of two legal wrongs does not justify an order to go to the end of the queue in court.

The judgment in No. 95–3440 is vacated, and the case is remanded for further proceedings consistent with this opinion.