**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006[*]
Decided March 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2882

| | |
|---|---|
| ERIC ADAMS,<br>    *Petitioner-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Illinois |
| *v.* | No. 05-393-WDS |
| B. A. BLEDSOE,**<br>    *Respondent-Appellee.* | William D. Stiehl,<br>*Judge.* |

**O R D E R**

Eric Adams, an inmate at the federal penitentiary in Marion, Illinois, petitioned for an "emergency" writ of habeas corpus under 28 U.S.C. § 2241, claiming that the former warden denied him due process by changing his housing assignment after he was found guilty of engaging in prohibited sexual conduct.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

** Pursuant to Fed. R. App. P. 43(c), we have substituted the petitioner's current custodian, B.A. Bledsoe, as the respondent.

The district court promptly dismissed the petition with the explanation that Adams has no federally protected liberty interest in his housing assignment and, thus, did not meet the "in custody" element of § 2241. Adams appeals because he does not wish to be housed in an area where, he says, there will be "absolutely no female contact" for six months.

The district court was correct. To bring an action under § 2241, Adams must demonstrate that he is "in custody" as a result of the sanction he challenges. *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curium); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). But Adams's change in housing quarters does not affect either the fact or duration of his confinement, so habeas corpus relief is unavailable. *See Glaus*, 408 F.3d at 387 n.**; *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A § 2241 petition is proper only when the prisoner seeks to "get out" of custody in a meaningful sense, *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999), and Adams's contention that he is entitled to more favorable housing does not satisfy this standard.

AFFIRMED.