[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-10864
Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-23189-CV-JAL

EDDIE MILTON GAREY,

                                                    Petitioner-Appellant,

versus

FEDERAL DETENTION CENTER, MIAMI,
Richard Stiff Warden,
WILBUR D. OWENS,
U.S. District Court Judge (M.D. GA),
MICHAEL G. THOMPSON,
F.B.I. Agent,
SCOTT C. HUGGINS,
Court appointed counsel,
U.S. MARSHAL'S SERVICE, et al.,

                                                    Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 22, 2006)**

Before BIRCH and MARCUS, Circuit Judges, and NANGLE[*], District Judge.

PER CURIAM:

Eddie Milton Garey, a federal prisoner, appeals the denial of his habeas corpus petition. His petition was filed on December 1, 2003 pursuant to 28 U.S.C. § 2241 while he was in pretrial detention. Garey was being detained on federal charges brought in the U.S. District Court for the Middle District of Georgia. He was charged with making bomb threats in Georgia during September of 2003 in violation of 18 U.S.C. §§ 513, 844(e), 922(g)(1), 1951, and 2332(a)(2).

Garey filed the instant "Emergency Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. §§ 2241-2244, claiming that the respondents violated: (1) his Fourth Amendment rights (a) during the investigation that led to his arrest, (b) in securing the warrant, and (c) in publicizing his arrest; (2) his Fifth and Fourteenth Amendment rights to procedural and substantive due process when (a) they secured the warrant for his arrest, (b) they punished him for his refusal to waive his constitutional rights, (c) they abused him and mistreated him during his incarceration, and (d) the U.S. District Court for the Middle District of Georgia issued a ruling that denied him his liberty interest; (3) his Sixth Amendment rights

---

[*] Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

2

to (a) effective assistance of counsel, (b) confrontation of his accusers, and (c) a speedy trial; and (4) First, Fourth, Ninth, and Fourteenth Amendment rights to (a) be free from government intrusion into his thoughts and beliefs, (b) petition for redress of grievances, and (c) be free from forceful mental evaluations and medication.

Gary's petition alleged, among other things, that his constitutional right to be present at a hearing on the government's motion for a psychiatric examination had been violated. The government sought psychiatric evaluation of Garey in order to assist the court in a determination of Garey's competence to stand trial. The district court granted the motion over Garey's objections and without a hearing. Garey was transported to the Federal Detention Center in Miami, Florida for the evaluation.

The magistrate judge, relying upon <u>Falcon v. United States Bureau of Prisons</u>, 52 F.3d 137 (7th Cir. 1995), found that Garey was not entitled to habeas corpus relief because all of his claims related to the pending criminal charges, and should have been raised in his criminal case. The district court adopted the magistrate's recommendation and dismissed Garey's petition. Citing <u>Government of the Virgin Islands v. Bolones</u>, 427 F.2d. 1135, 1136 (1st Cir. 1970), the district court noted that "where a defendant is awaiting trial, the appropriate vehicle for

3

violations of the defendant's constitutional rights are pre-trial evidentiary motions, not habeas petitions." R72 at 4. The court concluded that an "adequate and unexhausted" remedy was available in the criminal case, and therefore Garey was not entitled to habeas corpus relief. R72 at 5. In December 2004, a jury convicted Garey on all counts.

On appeal of his §2241 case, Garey argues that the district court erred by relying upon Falcon, which is distinguishable from his case. Garey argues that habeas corpus relief is an appropriate remedy despite the fact that his criminal case was pending, and that relief should be granted on the merits of his petition.

We review de novo the district court's denial of habeas relief under § 2241. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). However, a case must be dismissed as moot if the issues presented are no longer 'live' such that the Court cannot give meaningful relief. Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002). Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id.

As to Garey's claim which relates to his transfer for psychiatric evaluation, that claim is now moot. Garey's transfer for evaluation ceased upon his transfer back to the Middle District of Georgia for trial and sentencing. Moreover, the

4

government states that Garey was credited for time spent in evaluation towards his final sentence. Because Garey's transfer ended and he was credited for time spent in evaluation, this Court cannot provide Garey with meaningful relief in the context of his § 2241 petition. Unless this case falls within the mootness exception, it must be dismissed as moot.

Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of repetition yet evading review, this Court has held that "this exception is narrow, and applies only in exceptional situations." Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002). See Weinstein v. Bradford, 423 U.S. 147 (1975) (per curiam). To invoke the exception, Garey must show that "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Id. at 1242-3.

In the current case, there is no "reasonable expectation" or "demonstrated probability" that the same controversy will recur involving Garey. Although his criminal case is on direct appeal to this Court, there is neither a reasonable expectation nor a demonstrated probability that the case will be overturned and the district court will order another psychological evaluation to determine Garey's

5

competence to stand trial a second time. Appellant has failed to satisfy the first prong of the exception, and therefore fails to qualify for the mootness exception.

As to the remainder of Garey's claims in his § 2241 petition, this Court affirms the judgment and ruling of the district court that these claims were not properly brought pursuant to 18 U.S.C. § 2241, but should have been raised in his pending criminal case.

When a case, or an issue in a case, becomes moot on appeal, the Court of Appeals must not only dismiss the case, but also vacate the district court's order. This practice "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." Soliman, 296 F.3d at 1243 (quoting Atlanta Gas Light Co. v. Fed. Energy Regulatory Comm'n, 140 F.3d 1392, 1402 (11th Cir.1998)). Accordingly, as to Garey's claims regarding his transfer for psychiatric evaluation, we vacate the district court's order for lack of jurisdiction and dismiss Garey's appeal as moot. As to all other claims raised in the instant § 2241 petition, we affirm the judgment of the district court.

**AFFIRMED IN PART, VACATED IN PART.**