John DOE, Appellant

v.

UNITED STATES PAROLE COMMIS-
SION and Court Services and Offender
Supervision Agency, Appellees.

No. 13–5279.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 16, 2015.

Sandra Kay Levick, The Public Defend-
er Service for the District of Columbia,
Washington, DC, for Appellant.

Marina Utgoff Braswell, R. Craig Law-
rence, Ronald C. Machen, Jr., Esquire,
U.S. Attorney's Office, Washington, DC,
for Appellees.

Before: BROWN and WILKINS,
Circuit Judges, and SILBERMAN, Senior
Circuit Judge.

## JUDGMENT

PER CURIAM.

This case was considered on the record
from the district court and upon the briefs
and oral arguments of the parties. *See*
FED. R.APP. P. 34(a)(2). The court has
accorded the issues full consideration and
has determined that they do not warrant a
published opinion. *See* D.C.CIR. R. 36(d).
For the reasons explained in the accompa-
nying memorandum, it is

**ORDERED AND ADJUDGED** that the
order and memorandum opinion of the dis-
trict court filed August 5, 2013, be vacated

and the matter be remanded for further proceedings consistent with the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).

## MEMORANDUM

Doe asked the district court to review and enjoin the United States Parole Commission's ("Commission") decision to impose a sex offender assessment as a condition of his supervised release. When the Commission supervises a District of Columbia offender it becomes a somewhat mythical entity—a kind of procedural chameleon. The district court, conscious of the peculiarities of District prisoner supervision, repeatedly asked the parties how he was to review Doe's claims. Transcript of Motions Hearing at 5–7, 67–68, *Doe v. U.S. Parole Commission,* No. 12–1807 (D.D.C. June 21, 2013) (ECF No. 37). Counsel responded by answering a different question, explaining what an appellate court would do when reviewing a district court's imposition of such a condition. *Id.* The district court eventually granted summary judgment to the Commission and the Court Services and Offender Supervision Agency ("CSOSA"), concluding requiring the assessment was not an abuse of direction and did not violate Doe's due process rights. Because of the parties' unresponsiveness and the lack of clarity about which of several potential jurisdictional and substantive bases apply to the claims at issue, we find ourselves in a quandary, knowing what happened, but not why. Confused about what the heck is really going on, we are uncertain of our legal authority to hear Doe's claims. Thus, we

exercise our usual—when in doubt—default option: we remand and instruct the district court to grant the parties leave to amend their pleadings in accordance with this order.

## I. *Background*

Our statement of the facts is limited to those directly related to this judgment. In April 2010, the D.C. Superior Court convicted John Doe of assault with a deadly weapon and carrying a pistol without a license. As part of the sentence imposed by the Superior Court, Doe is currently serving a 36–month term of supervised release. Pursuant to the National Capital Revitalization and Self–Government Improvement Act of 1997 ("Revitalization Act"), District of Columbia offenders—like Doe—are "subject to the authority of the United States Parole Commission until completion of the term of supervised release." Pub.L. No. 105–33 § 11233(c)(2), 111 Stat. 251, 749 (codified at D.C.CODE § 24–403.01(b)(6)). The Commission's authority over an offender includes the power to impose and modify conditions of supervised release upon consideration of and compliance with statutorily-prescribed factors and requirements. *Id.* (referencing 18 U.S.C. § 3583(d)-(e)). *See United States v. Malenya,* 736 F.3d 554, 559 (D.C.Cir.2013) (special conditions of release must be "reasonably related to Congress's goals as related to the defendant," and narrowly tailored as the "least restrictive alternative" after "weigh[ing] the consequences for the defendant's liberty against any likely achievement of the statutory purposes") (citing 18 U.S.C. § 3583(d)(2) and quoting *United States v. Holm,* 326 F.3d 872, 877 (7th Cir.2003)).

Established by the Revitalization Act, CSOSA is a federal agency charged with providing supervision to D.C.Code offenders on supervised release. Pub.L. No.

105–33 § 11233(a), (c), 111 Stat. 251, 748–49 (1997); (codified at D.C. CODE § 24–133(a), (c)). In September 2012, Doe's CSOSA officer requested that the Commission modify Doe's supervised release conditions to require Doe to undergo an assessment of his need for sex offender treatment therapy. CSOSA's request was predicated in part on a 2003 juvenile adjudication in which Doe—then age eleven—pleaded "involved"[1] to one count of second degree child sex abuse and on two other alleged instances of sexual misconduct—one in the fall of 2002 and one in January 2003—that did not result in juvenile charges. Doe objected, but the Commission granted CSOSA's request and imposed the assessment condition on October 17, 2012.

Doe filed this action in district court, challenging the imposition of the condition as an abuse of the Commission's discretion under statute and a violation of his constitutional right to due process.[2] The district court granted summary judgment in favor of the Commission and CSOSA on all claims. *Doe v. U.S. Parole Comm'n,* 958 F.Supp.2d 254 (D.D.C.2013). This appeal followed. The district court granted a stay pursuant to Federal Rule of Civil Procedure 62(c), enjoining the Commission and CSOSA from enforcing the condition pending this appeal. Order Granting Plaintiff's Motion to Stay Pending Appeal, *Doe v. U.S. Parole Commission,* No. 12–1807 (D.D.C. Oct. 11, 2013) (ECF No. 45).

## II. *Discussion*

◼ We have significant questions regarding the nature of Doe's claims that were not addressed by either the litigants or the court. As some of these questions implicate our jurisdiction, we have an obligation to raise them *sua sponte. Grocery Mfrs. Ass'n v. EPA,* 693 F.3d 169, 174 (D.C.Cir.2012) ("Regardless of whether the parties raised the issue, we have an independent obligation to be sure of our jurisdiction.") (internal quotation marks omitted). Other questions we raise go not to jurisdiction but to Doe's "cause of action," a phrase we use here to capture the spectrum of issues raised by Doe's attempt to "enforce in court [the] legislatively created rights [and] obligations" identified in his complaint. *Davis v. Passman,* 442 U.S. 228, 239, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). Doe's cause of action is "analytically distinct and prior to the question of what relief, if any, [he] may be entitled to receive." *Id.* Accordingly, to the extent our questions "extend[ ] beyond the issue of jurisdiction to embrace the remedial theory under which [Doe] seeks relief, we deem it desirable and helpful" to raise them for consideration on remand as threshold issues that must be resolved before reaching the merits. *Morris v. Wash. Metro. Area Transit Auth.,* 702 F.2d 1037, 1040 (D.C.Cir.1983). We emphasize our observations are not intended to intimate any position on the resolution of the questions discussed below, nor do we express any views on the merits.

◼ Doe did not identify his cause of action or the vehicle through which he brings his claims.[3] The Commission and

---

1. A plea of "involved" is the juvenile equivalent of a guilty plea. Brief for Appellant at 3, *Doe v. United States Parole Commission,* No. 13–5279 (D.C.Cir. Feb. 18, 2014).

2. Below, Doe argued both substantive and procedural due process claims. On appeal, Doe's only due process claim is procedural.

3. Doe's complaint requests declaratory relief and states such "relief is authorized under 28 U.S.C. §§ 2201–02." Complaint at 3 ¶ 17, *Doe v. U.S. Parole Commission,* No. 12–1807 (D.D.C. Nov. 6, 2012) (ECF No. 1). The Declaratory Judgment Act, however, does not provide a cause of action. *Ali v. Rumsfeld,* 649 F.3d 762, 778 (D.C.Cir.2011). Instead,

CSOSA took no position, and the district court proceeded by noting the parties had agreed to an abuse of discretion standard of review. *Doe,* 958 F.Supp.2d. at 261 n. 5. It is possible this action has proceeded thus far on an assumption that Doe may bring an appeal directly from the Commission to the United States District Court. However, no statutory right of appeal was identified, nor was the argument raised that a right of appeal should be implied.

If this action is not a direct appeal, the next question is whether Doe's claims sound in habeas. For purposes of federal law, whether a claim sounds in habeas is closely linked to whether the plaintiff is "in custody," as federal courts[4] generally are without jurisdiction to grant a writ of habeas corpus on behalf of a person who is not. 28 U.S.C. § 2241(c)(3). Even if an individual is not physically incarcerated, he or she may be "in custody" for purposes of federal habeas law if "significant restraints" are placed on his or her liberty. *Jones v. Cunningham,* 371 U.S. 236, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Some claims must be brought in habeas, and therefore a relevant consideration is whether habeas is Doe's exclusive federal remedy. *See, e.g., Wilkinson v. Dotson,* 544 U.S. 74, 78–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Anyanwutaku v. Moore,* 151 F.3d 1053, 1055–57 (D.C.Cir. 1998).

If Doe is petitioning for a writ of habeas corpus under federal law, the district court must apply the rules that govern such a petition, including the requirement that a petitioner properly name his or her custodian. 28 U.S.C. § 2242; *cf. Guerra v. Meese,* 786 F.2d 414, 417 (D.C.Cir.1986). Further, the district court should consider

the relevance of the specific limitations set forth in 28 U.S.C. § 2254 that are applicable to petitioners in custody "pursuant to the judgment of a State court," including the provision that such petitions only be heard "on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." *Cf. Williams v. Martinez,* 586 F.3d 995, 1002 (D.C.Cir.2009) (instructing the district court to use the standard set forth in 28 U.S.C. § 2254 in the context of a petitioner convicted and sentenced by the D.C. Superior Court). Whether Doe's statutory claim alleges a violation of the laws of the United States may be determinative. *See Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1104 (D.C.Cir. 2005) ("[T]he Revitalization Act is an 'Act of Congress applicable exclusively to the District of Columbia.' "); *District Props. Assocs. v. District of Columbia,* 743 F.2d 21, 27 (D.C.Cir.1984) (stating acts of Congress applicable exclusively to the District of Columbia "should—absent evidence of contrary congressional intent—be treated as local law, interacting with federal law as would the laws of the several states").

Further, the answer to whether Doe's statutory claim is federal or local could impact our authority to hear the claim on appeal. Under 28 U.S.C. § 2253(c)(1), we may not hear an appeal from "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court" unless a certificate of appealability ("COA") has been issued. *See Madley v. U.S. Parole Comm'n,* 278 F.3d 1306, 1310 (D.C.Cir. 2002) (holding "a prisoner arrested or convicted pursuant to process or judgment of

---

"the availability of declaratory relief presupposes the existence of a judicially remediable right." *Id.* (internal quotation marks omitted).

4. We use the phrase "federal courts" in this memorandum to describe courts established under Article III of the Constitution.

the courts of the District must obtain a COA" even where "a later decision of a parole board ... is the more immediate cause of the prisoner's continuing detention"). A COA may issue "only if the applicant has made a substantial showing of the denial of a *constitutional right.*" 28 U.S.C. § 2253(c)(2) (emphasis added); *compare Ramunno v. United States,* 264 F.3d 723, 725 (7th Cir.2001) *with Marshall v. Hendricks,* 307 F.3d 36, 81 (3d Cir.2002).

Alternatively, perhaps this action is a District of Columbia habeas petition. *See* D.C.CODE § 16–1901(a) (providing a person "restrained from his lawful liberty within the District" may petition for a writ of habeas corpus). However, federal court is the proper venue for a section 16–1901 petition only when it is "directed to federal officers and employees." D.C.CODE § 16–1901(b). Doe's complaint names the Commission and CSOSA, both federal agencies, thereby presenting two questions. First, may an agency be considered an "officer or employee" for purposes of section 16–1901(b)? Second, when the Commission and CSOSA exercise authority over individuals convicted and sentenced by the courts of the District of Columbia, should they be considered federal or local custodians? *Cf. McCall v. Swain,* 510 F.2d 167, 180 n. 34 (D.C.Cir.1975) (speculating that to the extent federal officials "act[ ] pursuant to an order of the Superior Court or another local court, [they] would probably be characterized as 'other than a Federal officer' for purposes of jurisdiction under § 1901"); *Taylor v. Washington,* 808 A.2d 770, 772 (D.C.2002) (stating the D.C. Superior Court "does not have jurisdiction to entertain a habeas corpus petition directed against federal respondents"); *Jones v.*

*Jackson,* 416 A.2d 249, 251 (D.C.1980) (stating the proper characterization of officials for purposes of section 16–1901 turns on whether the prisoner is serving a federal or local sentence).

Before evaluating either a federal or D.C. habeas petition on the merits, the district court would need to determine the appropriate standard of review for the statutory claim. When imposing and modifying conditions of supervised release, the Commission possesses "the same authority as is vested in the United States District Courts by 18 U.S.C. § 3583(d)-(i)." D.C. CODE § 24–403.01(b)(6). However, the Commission is to follow the procedures "set forth in chapter 311 of title 18 of the United States Code." *Id.* § 24–403.01(b)(6)(A). Chapter 311 provides that certain actions of the Commission "shall be considered actions committed to agency discretion for purposes" of the Administrative Procedure Act. 18 U.S.C. § 4218(d). The relevance of this provision to the instant case should be considered. *Compare* 28 C.F.R. § 2.200(b)(1) ("The procedures followed by the Commission in exercising [its] authority shall be those set forth with respect to offenders on federal parole at 18 U.S.C. 4209 through 4215 . . . .").

If Doe's claims are not cognizable in habeas, he had other alternatives to consider but it is not appropriate for us to select one. If Doe is proceeding outside of habeas, his chosen cause of action will come with its own set of threshold questions. For example, identification of 42 U.S.C. § 1983 as the cause of action would require us to consider whether the Commission and CSOSA are amenable to suit under section 1983.[5] *See Settles,* 429 F.3d

---

5. Doe's complaint cites 28 U.S.C. § 1331 and the Constitution as sources of the District Court's jurisdiction. Complaint at 3 ¶ 15, *Doe v. U.S. Parole Commission,* No. 12–1807 (D.D.C. Nov. 6, 2012) (ECF No. 1). We there-

fore recognize Doe may have conceived of his constitutional claim as brought under 28 U.S.C. § 1331's general grant of jurisdiction to decide all cases arising under the Constitution instead of as brought under 42 U.S.C.

at 1105–06 (concluding the Commission itself is immune from suit under section 1983 for actions taken pursuant to the Revitalization Act and stating "sovereign immunity requires the court to dismiss [such claims] for lack of jurisdiction"). Further, Doe's ability to present his statutory allegation under section 1983 would again turn on the characterization of the claim as local or federal. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (stating in order to recover under section 1983, "the plaintiff must prove that the defendant has deprived him or a right secured by the 'Constitution and laws' *of the United States* ") (emphasis added).

Finally, if Doe is invoking the Administrative Procedure Act's ("APA") "generic cause of action in favor of persons aggrieved by agency action," *Md. Dep't of Human Res. v. Dep't of Health & Human Servs.,* 763 F.2d 1441, 1445 n. 1 (D.C.Cir. 1985), his claims must satisfy the requirements of the APA including that there be "no other adequate remedy in a court ..." and that the challenged decision be "final agency action." 5 U.S.C. § 704. Further, a plaintiff "cannot state a claim under the APA" to challenge "agency action committed to agency discretion by law." *Oryszak v. Sullivan,* 576 F.3d 522, 525 (D.C.Cir. 2009).

### III.  *Conclusion*

■ We have identified a non-exhaustive set of significant questions "arising out of the parties' failure to explore fully the nature of the claim[s] involved in this appeal." *Morris,* 702 F.2d at 1042. In order for us to be sure of our authority in this case and, in the interest of justice, for

us to adjudicate by applying the proper law, rules, and standard of review, these questions must be resolved before consideration of the merits. However, we decline to resolve them *sua sponte.* First, the selection of a cause of action is a tactical decision that should be made by Doe, with the assistance of his counsel. *See Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir.1995) (declining to construe a habeas petition as a *Bivens* cause of action *sua sponte* in order to avoid forcing tactical decisions on a petitioner represented by counsel). Second, while the above discussion identifies intricate and unsettled legal issues, we have been deprived of the "assistance of counsel which the [adversarial] system assumes," as the parties have not briefed or argued the issues. *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983). Were we to decide these questions on our own, we would run "the risk of an improvident or ill-advised opinion on the legal issues tendered." *McBride v. Merrell Dow & Pharm.,* 800 F.2d 1208, 1211 (D.C.Cir. 1986).

Therefore, "we happily eschew the temptation to wander through the maze of District of Columbia law ... when a less indulgent course is apparent." *Univ. of D.C. Faculty Ass'n. v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 163 F.3d 616, 625 (D.C.Cir.1998). "Prudence beckons," and we vacate the district court's opinion and remand for further proceedings. *Id.* On remand, we instruct the district court to permit the parties to amend their pleadings so Doe may clarify his remedial theory and so the Commission and CSOSA may address any issues arising from that theory and raise any applica-

§ 1983.  This is unclear however, because 28 U.S.C. § 1331 is also the source of jurisdiction for claims brought under 42 U.S.C. § 1983.  *See Doe v. Metro. Police Dep't.,* 445

F.3d 460, 466 (D.C.Cir.2006) (stating "section 1983 itself provides the basis for federal question jurisdiction under 42 U.S.C. § 1331....").

ble defenses. Doe should be limited to explaining his cause or causes of action as he and his counsel perceived them below, and he should therefore not be permitted to substitute parties absent leave of the court pursuant to Federal Rule of Civil Procedure 15(a)(2). The district court should then resolve any disputed issues in the amended pleadings.