## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT WHOIE,                          )
                                       )
                 Petitioner,           )
                                       )
        v.                             )                Civil Action No.  15-1354 (ABJ)
                                       )
WARDEN,                                )
                                       )
                 Respondent.           )

## MEMORANDUM OPINION

This matter is before the Court on petitioner Robert Whoie's petition for a writ of habeas corpus.  The Court will deny the petition for the reasons discussed below.

I. BACKGROUND

On December 27, 2010 in the Superior Court of the District of Columbia, the petitioner was sentenced to a 36-month term incarceration followed by a three-year term of supervised release.  Return by United States to Order to Show Cause Why Writ of *Habeas Corpus* Should Not Issue [ECF No. 16] ("U.S. Return"), Decl. of Helen Krapels ("Krapels Decl.") ¶ 3; *see generally id*., Ex. I (docket sheet, *United States v. Whoie*, 2010-CF2-016523).  The petitioner began his term of supervised release on July 1, 2013.  Krapels Decl. ¶ 4.  Because he failed to comply with the conditions of his release, by Notice of Action dated December 23, 2013, the United States Parole Commission ("Commission") revoked the petitioner's release and ordered that he serve a six-month term of incarceration followed by a 30-month term of supervised release. *Id*. ¶ 5.  The petitioner began the second term of supervised release on May 2, 2014. *Id*. ¶ 6.

1

In 2015, the Commission charged the petitioner with four violations of the conditions of his supervised release. *See* Respondent's Response to Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 7], Ex. (Letter to the plaintiff from April R. Brown, Parole Action Review Specialist, dated July 23, 2015) at 1. Two of the violations stem from petitioner's convictions in the Superior Court for simple assault, attempted possession of a prohibited weapon, and second-degree theft. *See generally* U.S. Return, Exs. III-IV (docket sheets, *United States v. Whoie*, No. 2015-CMD-001543, and *United States v. Whoie*, No. 2015-CMD-001952). Based on these violations, the Commission issued a warrant on March 12, 2015, executed the warrant on July 9, 2015, conducted a revocation hearing on October 20, 2015, and by Notice of Action dated November 10, 2015, revoked the petitioner's supervised release. Krapels Decl. ¶¶ 7-10. The Commission ordered that the petitioner serve an 18-month term of incarceration running from the date on which its warrant was executed. *Id*. ¶ 10.

The petitioner filed his petition for a writ of habeas corpus on August 5, 2015.[1] Generally, the petitioner claimed that he was detained at the District of Columbia's Correctional Treatment Facility in violation of rights protected under the Fifth Amendment to the United States Constitution.[2] *See generally* Pet. at 2-3. He "would like to be freed from this unlawful imprisonment." *Id*. at 4.

---

[1] The Clerk of Court received the petition and the petitioner's application for leave to proceed *in forma pauperis* on August 5, 2015. The Court approved his application on August 20, 2015, and the Clerk of Court officially filed the application and petition on the docket on August 21, 2015.

[2] The Court does not address the petitioner's Fourteenth Amendment claims, *see* Pet. at 2, because the Fourteenth Amendment does not apply to the District of Columbia, *see Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Nor does the Court address the petitioner's nonsensical claim that he is "held under a fictitious name." Pet. at 1.

## II. DISCUSSION

This district court may grant habeas relief to a District of Columbia Code offender if he can show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2241(c)(3). This petitioner fails to meet his burden.

First, the Superior Court is authorized to impose a term of supervised release following a term of incarceration. The maximum authorized term of supervised release in the circumstances of the petitioner case is three years, *see* D.C. Code § 24-403.01(b)(2)(B), during which time the petitioner is "subject to the authority of the United States Parole Commission until completion of the term of supervised release," *id* § 24-403.01(b)(6); *see Doe v. U.S. Parole Comm'n*, 602 F. App'x 530, 531 (D.C. Cir. 2015) (per curiam) (citations omitted).

Second, the Commission is authorized to issue and execute warrants, to revoke supervised release, to return a prisoner to custody, and to impose a new term of supervised release following a prisoner's release from custody. *See Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 144 (D.D.C. 2015); *Taylor v. U.S. Parole Comm'n*, 860 F. Supp. 2d 13, 15 (D.D.C. 2012); *see also* 28 C.F.R. 2.218.

Third, the petitioner has been afforded a revocation hearing. Although the petitioner has "no Fifth Amendment liberty interest in [his] release to parole or other supervision," he is "entitled . . . to notice and a meaningful opportunity to be heard prior to the revocation of parole or supervised release." *Floyd v. U.S. Parole Comm'n*, No. CV 14-0667, 2015 WL 5332081, at *2 (D.D.C. Sept. 14, 2015) (citations omitted); *see Sutherland v. McCall*, 709 F.2d 730, 733–34 (D.C. Cir. 1983) (applying standards set out in *Morrissey v. Brewer*, 408 U.S. 471 (1972)). The

petitioner's vague assertion of an unspecified due process violation, *see* Pet. at 3, is not a sufficient basis to grant the habeas relief he requests.

Finally, the Court notes that the revocation was predicated, at least in part, on criminal convictions.

Accordingly, the Court will deny the petition and dismiss this civil action. An Order is issued separately.


/s/
AMY BERMAN JACKSON
United States District Judge

DATE: April 18, 2016