In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3728

STEVEN MILLER JOHNSON,

*Plaintiff-Appellant,*

*v.*

JENNIFER K. BARCZAK, ET AL.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02-C-403—**Thomas J. Curran**, *Judge.*

SUBMITTED JUNE 25, 2003*—DECIDED AUGUST 1, 2003

Before BAUER, COFFEY, and EVANS, *Circuit Judges.*

PER CURIAM. Steven Johnson filed this *pro se* suit under 42 U.S.C. § 1983, alleging that several Wisconsin Department of Corrections officials deprived him of his constitutionally guaranteed right of access to the courts. The district court granted summary judgment to the defendants, and we affirm.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Even construing all facts and drawing all reasonable inferences in Johnson's favor, as we are required to do when reviewing a grant of summary judgment, *see Hamm v. Weyauwega Milk Prods., Inc.*, 332 F.3d 1058, 1061-62 (7th Cir. 2003), Johnson's evidence is sparse. He was transferred to the Oneida County Jail for six months; unhappy with the law library there, he requested but was denied a prison transfer. Johnson then sought to obtain disbursement forms to purchase copies of legal materials from another library. But prison regulations require an inmate to provide the reason for his request to avoid unnecessary paperwork, and because he never did so, he never received the forms. Johnson contends that his placement at Oneida and the defendants' refusal to send the disbursement forms "has hindered and is presently hindering plaintiff [*sic*] efforts to pursue postconviction relief." He specifically avers that while at Oneida he needed legal materials to assist him in obtaining appointed counsel, in researching claims of ineffective assistance of counsel, and in challenging the denial of his motion to withdraw his guilty plea, but at summary judgment he provided no information about how his progress on these efforts was hindered.

We review the district court's decision *de novo, see id.*, but here the district court thoroughly analyzed Johnson's claims and correctly granted summary judgment to the defendants. The district court noted that prisoners have a right to "adequate, effective and meaningful" access to the courts under *Bounds v. Smith*, 430 U.S. 817 (1977), but explained that *Lewis v. Casey*, 518 U.S. 343 (1996), requires that a person claiming denial of access must prove that he suffered an actual injury by showing that unjustified acts or conditions hindered his ability to pursue a nonfrivolous legal claim. *See also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (reiterating that hindrance of frivolous claim does not result in actual injury

and thus cannot give rise to claim for denial of access to the courts). The documents Johnson submitted in response to the defendants' motion for summary judgment show that the Wisconsin Court of Appeals had granted his request for an extension of time to file a notice of intent to pursue postconviction relief and had forwarded his request for appointment of counsel to the Office of the State Public Defender. After examining these documents the district court determined that they provided no basis to conclude that the issues he sought to raise in the state courts were nonfrivolous. We concur; without a showing "that the defendants prevented him from pursuing a nonfrivolous legal action," a prisoner cannot prove a constitutional violation. *Tarpley v. Allen County, Indiana*, 312 F.3d 895, 899 (7th Cir. 2002).

On appeal Johnson does not contend that the district court misread his summary judgment evidence or overlooked a nonfrivolous claim for postconviction relief; he instead states without elucidation that the defendants' actions caused a "delay in filing of" motions and a "gap in his criminal appeal procedure." By this Johnson apparently means—as clarified in his reply brief—that "his appeal process [was] delayed over a year." But a delay becomes an injury only if it results in "actual substantial prejudice to specific litigation." *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995). The documents Johnson submitted demonstrate that his claims are proceeding without any impact from the alleged delay. Thus Johnson still has no evidence showing the existence of such prejudice and his claim was properly rejected. Accordingly, the judgment of the district court is AFFIRMED and Johnson's motion to supplement his reply brief is DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*