Dean E. BLANCK, Plaintiff–Appellant,

v.

John R. VANNATTA, et. al., Defendants–Appellants.

No. 03–1950.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 22, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Dean E. Blanck, Indiana State Prison, Michigan City, IN, pro se.

Joby Jerrells, Office of the Attorney General, Indianapolis, IN, for Defendants-Appellees.

Before MANION, EVANS, and SYKES, Circuit Judges.

## ORDER

Indiana inmate Dean Blanck filed a pro se suit under 42 U.S.C. § 1983, alleging that several prison officials violated his First Amendment right of access to the courts and his Eighth Amendment right to be free from cruel and unusual punishment, and retaliated against him for filing lawsuits against the prisons and prison employees. Both sides filed for summary judgment; the district court granted the defendants' motion and denied Blanck's, and he appeals. We affirm.

Since his incarceration in 1996, Blanck has initiated a host of federal and state legal proceedings, which, he maintains, the defendants have obstructed. He appealed the state court conviction that led to his imprisonment, and also challenged the validity of that conviction and sentence in other post-conviction proceedings. Soon after being transferred to the Indiana State Prison (ISP) in 1998, Blanck filed a tort claim challenging the conditions of his confinement in the administrative segregation unit. He then filed his first civil rights action claiming that he was being denied meaningful access to the courts because he did not have sufficient access to the law library or to legal assistance. He also initiated an action in small claims court for loss of property during his transfer to ISP; he claimed that prison officials lost or damaged his personal property, including his legal work and law books. Although the record is unclear, apparently Blanck attempted to avail himself of the prison grievance system with respect to some of his complaints.

In August 2000, Blanck was transferred to the Miami Correctional Facility (MCF). Soon afterwards, he filed a complaint with the State Health Department over a virus that had caused the death of another inmate. He also filed a suit for injunctive relief in district court based on his "difficult time getting access to the courts," in connection with his ongoing litigation.

Some of Blanck's difficulties in gaining access to the law library stem from his repeated stints in the administrative segregation unit. Throughout his time at both ISP and MCF, Blanck received several conduct reports for misconduct including habitually breaking conduct rules, disorderly conduct, possession of a dangerous weapon, physically resisting prison staff,

and possession of an unauthorized substance. These conduct reports resulted in Blanck being frequently placed in administrative segregation, where his access to the law library was restricted. On one occasion when Blanck was transferred to the segregation unit at MCF, some of the legal materials that were in his cell were lost or damaged.

Although he was frequently in administrative segregation at MCF, Blanck was apparently afforded some access to the prison law library. He is listed on the "library count" for 39 single sessions and six double sessions between late 2000 and early 2001, the period preceding the briefing deadlines in two of his cases. Nevertheless, in February 2001, Blanck failed to file an appellee's brief in the appeal of his challenge to a Conduct Adjustment Board (CAB) proceeding which had resulted in his loss of 90 days of earned time credit.

In March 2001, Blanck filed the present § 1983 claim, alleging First and Eighth Amendment violations and retaliation, and he later amended his complaint to add more defendants. In his complaint, he asserted that he had been denied meaningful access to the courts and that prison officials retaliated against him for filing lawsuits, and he also argued that his conditions of confinement amounted to cruel and unusual punishment. The district court granted summary judgment for the defendants, concluding that Blanck could not prevail on the merits of his constitutional claims. The court reasoned that Blanck had not been denied meaningful access to the courts because he had not suffered an actual injury as a result of the defendants' conduct. The court also determined that Blanck had not shown that the defendants had a retaliatory motive for any of the incidents that Blanck cited, such as his transfer to MCF and the conduct reports filed against him, and thus granted summary judgment for the defendants on Blanck's retaliation claim. The court also granted summary judgment for the defendants on Blanck's Eighth Amendment claim, concluding that the defendants were not involved in the day-to-day operation of the housing unit and were unaware of Blanck's complaints about the conditions there. Because Blanck has abandoned this claim on appeal, we do not discuss it here.

█ Blanck's first argument on appeal is that prison officials at ISP and MCF denied him access to the courts by preventing him from using the law library and damaging or losing his legal papers and books, thereby prejudicing him in his various legal proceedings. For example, he seems to contend that the defendants' actions prevented him from filing a brief in the appeal from his CAB proceedings. He also makes an undeveloped assertion that his state post-conviction proceedings were prolonged for nine years.

Prisoners have the right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir.2003). In order to succeed on a claim for denial of access, a prisoner must demonstrate that he suffered an actual injury, that is, that actions by the defendants hindered his ability to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Johnson*, 338 F.3d at 772.

Here, defendants submitted affidavits asserting that Blanck was given permission to go the law library for six three-hour sessions and 39 90–minute sessions in the months leading up to the briefing deadline in the CAB appeal. Blanck has submitted no evidence to show that his failure to abide by the deadline resulted from inadequate access to the law library.

Even if Blanck was somehow prevented from attending each authorized library session, he has not shown that these supposedly missed sessions hindered his ability file a brief. And as for his contention that guards mishandled, lost, and destroyed legal papers during his transfer to administrative segregation, that incident occurred well after the February 13 briefing deadline. Thus Blanck has not met his burden of demonstrating that defendants deprived him of access to the law library in a way that prejudiced his appeal from the denial of his habeas corpus petition, or caused any other "substantial prejudice to specific litigation." *Gentry v. Duckworth,* 65 F.3d 555, 559 (7th Cir.1995).

■ Blanck's second argument is that prison officials transferred him from ISP to MCF to disrupt his ongoing litigation, and otherwise disciplined and segregated him, in retaliation for his legal activities. This court has recently disavowed language from previous cases suggesting that a plaintiff must demonstrate "but-for" causation in order to establish a retaliation claim. *Spiegla v. Hull,* 371 F.3d 928, 941–42 (7th Cir.2004). To succeed on such a claim, rather, a prisoner must establish that his constitutionally-protected activity was a "motivating factor" for the defendant's challenged actions. *Id.* at 942. No such motivating factor appears here. Blanck's own submissions demonstrate that in March 2000 he requested a transfer to a prison closer to Indianapolis once he accumulated sufficient "clear time" to become eligible. As for the other allegedly retaliatory conduct, Blanck does little more than cite the sheer number of conduct reports filed against him as evidence that they were not meritorious. He does not submit any evidence to sup-

port a finding that his legal activity was "a substantial or motivating factor" for the disciplinary actions. *Id.* at 943. Therefore, summary judgment was appropriate on Blanck's retaliation claim.

Because we conclude that summary judgment was properly granted on Blanck's claims regarding retaliation and access to the courts, we do not address the defendants' alternative argument that Blanck failed to exhaust his administrative remedies by filing grievances within the prisons' administrative systems.

AFFIRMED.