In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3138

GARY B. CAMPBELL,

*Plaintiff-Appellant,*

*v.*

DAVID A. CLARKE, JR., *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 06-C-560—**Lynn Adelman**, *Judge.*

SUBMITTED MARCH 9, 2007—DECIDED APRIL 2, 2007

Before EASTERBROOK, *Chief Judge*, and WOOD and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. The district court dismissed
this suit on the ground that plaintiff Gary Campbell had
abused the privilege of litigating *in forma pauperis*. 2006
U.S. Dist. LEXIS 52819 (E.D. Wis. July 26, 2006). The
judge then certified that Campbell's appeal may not
proceed *in forma pauperis* because it is not taken in good
faith. 2006 U.S. Dist. LEXIS 80250 (E.D. Wis. Nov. 1,
2006). That is so, the judge explained, not only because
of Campbell's efforts to defraud the court but also be-
cause the litigation is substantively frivolous. Campbell
maintains that the Milwaukee County Jail violates the
Constitution because it provides computer-assisted legal

research rather than a library of physical law books, but (a) Campbell has legal counsel in all criminal cases pending against him, and access to legal materials is required only for unrepresented litigants, see *Bounds v. Smith*, 430 U.S. 817, 830-32 (1977), and (b) proof that a lack of access to legal materials has undermined a concrete piece of litigation is an essential component of any claim along these lines, see *Lewis v. Casey*, 518 U.S. 343 (1996), yet Campbell has not alleged that any of his suits has foundered because he could not conduct research.

Campbell, a frequent *pro se* litigant, has filed most of his suits in the Western District of Wisconsin. Following the amendment to 28 U.S.C. §1915(b) made by the Prison Litigation Reform Act, the Western District has allowed Campbell to litigate after prepaying partial filing fees; remaining fees and costs are to be collected over time from Campbell's prison trust account under the PLRA's terms. In April 2006 Chief Judge Crabb of the Western District concluded that Campbell had manipulated the timing of deposits into, and withdrawals from, his prison trust account to ensure that the account was depleted on the days when the prison would transfer available funds to the court under the PLRA. In response, Chief Judge Crabb denied Campbell permission to file a particular suit *in forma pauperis*. *Campbell v. Clarke*, 2006 U.S. Dist. LEXIS 21187 (W.D. Wis. Apr. 19, 2006).

If the caption of that decision seems familiar, it should be—for it is the same caption as the one on this opinion. About three weeks after Chief Judge Crabb dismissed *Campbell v. Clarke* in the Western District of Wisconsin, Campbell filed a complaint with the same fundamental allegations in the Eastern District. Somehow it slipped his mind to inform the Eastern District that Chief Judge Crabb had refused to permit the litigation unless Campbell prepaid the filing fee. But Judge Adelman of the Eastern District found out and dismissed the suit in response to

this subterfuge. Moreover, Judge Adelman learned that Chief Judge Crabb had concluded, in still another of Campbell's suits, that Campbell had arranged for money that should have been in his prison trust account to be deposited in the account of another prisoner, where it would not be tapped to pay filing fees and other costs. This led Chief Judge Crabb to conclude that Campbell has forfeited his entitlement to proceed *in forma pauperis* in any litigation until all fees, for all of his past and current cases, have been paid in full. *Campbell v. Nyklewick*, 2006 U.S. Dist. LEXIS 31921 (W.D. Wis. May 9, 2006).

Campbell's application for leave to proceed *in forma pauperis* in this court ignores all of these problems. He does not mention his attempts to deceive Chief Judge Crabb and Judge Adelman. He does not try to explain why he should be allowed to file the same suit in multiple districts, fishing for a judge who will overlook his manipulative tactics. He does not respond to Judge Adelman's conclusion that the suit is frivolous on the merits; he ignores the fact that he is represented by counsel in all pending prosecutions and cannot identify any civil suit in which lack of physical access to law books has caused prejudice.

Chief Judge Crabb concluded that a prisoner who tries to evade the payment of fees should be treated as if he had "struck out" under 28 U.S.C. §1915(g) by filing three or more frivolous suits or appeals. We agree with that approach. Several decisions hold that prisoners who continue litigating without paying required filing fees or sanctions forfeit their eligibility for any favorable treatment. See, e.g., *Thurman v. Gramley*, 97 F.3d 185 (7th Cir. 1996); *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). Cf. *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995); *Sassower v. ABA*, 33 F.3d 733 (7th Cir. 1994).

Section 1915 allows, but does not compel, courts to permit destitute plaintiffs to proceed without prepayment of fees. Section 1915(g) identifies circumstances in which courts *must* withhold this opportunity; for other good reasons, courts may withhold this privilege whether or not the statute commands it. Cf. *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (inaugurating the Supreme Court's current practice of requiring pestiferous litigants to prepay all fees and print their petitions for certiorari). Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment on matters of discretion. This was established before the PLRA's enactment in 1996, see *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1982); *Collier v. Tatum*, 722 F.2d 653 (11th Cir. 1983), and the changes made in 1996 did not remove district judges' authority to curtail misuse of the statute. See *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997).

What is more, Campbell has "struck out" under §1915(g), which the PLRA added to the statute. Let us put all of his suits other than the two episodes of *Campbell v. Clarke* to one side. The first iteration of this suit in the Western District of Wisconsin was substantively frivolous, given *Bounds* and *Lewis*, as was the second iteration in the Eastern District of Wisconsin. This appeal is equally frivolous and is the final "strike." We are confident that some of Campbell's other suits or appeals qualify under §1915(g), but three is enough.

Should Campbell attempt to file any further civil litigation in any federal court without prepaying all required fees, or meeting the imminent-danger standard of §1915(g), we will enter an order under *Mack* precluding him from filing further civil suits whether or not he pays in advance. As we explained in *Thurman* and *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), that is the only

practical response when prisoners scorn their legal obligations.

The motion for leave to proceed on appeal *in forma pauperis* is denied, and the judgment is summarily affirmed. Campbell must be aware that this does not relieve him of the need to pay the $455 filing and docket fees for this appeal. Those fees, and all other obligations, must be satisfied before Campbell can resume his litigious ways.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

USCA-02-C-0072—4-2-07