**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010[*]
Decided April 14, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-3500

| | |
|---|---|
| ERIC WISE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CV-1150 |
| JAMES KAISER, et al., | J.P. Stadtmueller, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Eric Wise sued the sheriff of Kenosha County, Wisconsin, and other employees of the county jail under 42 U.S.C. § 1983, claiming that their library policy violated his right to access the courts. The district court granted summary judgment for the defendants, and Wise appeals. We affirm the district court's judgment.

Wise was incarcerated at the Kenosha County Jail for four months. During that time, he says, he requested access to the law library about once every three days; each time he

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

was denied because he could not provide an exact citation to any particular legal material. As a result, he claims, he forfeited potential appellate issues in a Texas criminal case, was unable to make an informed decision to plead guilty in a Wisconsin criminal case, was unable to file an adequate petition for habeas corpus in a federal criminal case, and was delayed in filing this § 1983 suit.

The district court granted summary judgment against Wise. Wise was represented by privately retained counsel in his two state criminal cases, the court explained, and a prisoner who is represented by counsel enjoys meaningful access to courts regardless of his ability to access a prison library. And even if Wise could show that the jail's library policy was deficient, the court added, the remainder of his claim would fail because he could not show that he was prejudiced as a result.

Wise argues on appeal that the district court erred in ruling that a prisoner who is represented by retained counsel necessarily enjoys meaningful access to the courts. He cites *Bounds v. Smith*, 430 U.S. 817 (1977), *Lewis v. Casey*, 518 U.S. 343 (1996), and a slew of cases from our sister circuits for the proposition that the state had an affirmative obligation to provide him with either an appointed lawyer or access to a law library. Because the state did neither, he says, his right to access the courts was infringed.

But Wise misreads the caselaw. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825). Wise chose to retain his own lawyer in his state criminal cases and therefore had the opportunity to present his defenses in court. Because "access to legal materials is required only for unrepresented litigants," the state was not required to provide him with anything more. *See Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007); *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000).

Wise next argues that the district court erred by concluding that he was not prejudiced in his federal case. He explains that, although he filed multiple documents attempting to institute a habeas corpus action before two different district courts, his filings were "so incompetent" that he never succeeded. But these "incompetent" filings are not sufficient evidence of prejudice. Wise was released from the Kenosha County Jail several months before the statute of limitations ran on filing a petition for habeas corpus, yet he did not submit any evidence to show that the defendants' library policy prevented him from preparing an adequate filing during that lengthy period. The delay Wise suffered because

of the defendants' library policy did not prejudice his federal case. *See Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995).

Finally Wise makes the circular argument that the defendants' library policy prejudiced him by delaying his filing of this § 1983 suit. But the right to access the courts "is ancillary to [an] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). This suit may not serve as that underlying claim.

AFFIRMED.