NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 29, 2015[*]
Decided November 16, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 15-1542

| | |
|---|---|
| WINFORD BRYANT, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 14 C 5384 |
| KEITH S. BRIN, | |
|     *Defendant-Appellee*. | Charles R. Norgle, |
| | *Judge*. |

**O R D E R**

Winford Bryant, an Illinois prisoner, filed this civil-rights suit against the Clerk of the Circuit Court of Lake County, Illinois, and moved to proceed in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a)(1). The district court dismissed the case for failure to state a claim and noted that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Bryant filed a notice of appeal, and the district court authorized him to proceed IFP on appeal. Yet the court did not know, because Bryant had lied about his

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

litigation history, that he previously had incurred strikes in two other lawsuits (and in both was told by the district court that he had incurred a strike). *See Bryant v. Obama*, No. 10 C 6278 (N.D. Ill. Nov. 18, 2010); *Bryant v. Obama*, No. 10 C 2375 (N.D. Ill. July 13, 2010). In Bryant's form complaint, where directed to disclose "ALL lawsuits" filed "in any state or federal court," he listed only *Bryant v. Del Re*, No. 05 C 2509 (N.D. Ill. Mar. 20, 2007), which had settled and thus did not incur a strike.

Thus, Bryant has incurred three strikes. He may not proceed with this appeal IFP unless he is in "imminent danger of serious physical injury," which he is not. *See* 28 U.S.C. § 1915(g). The district court was misled into granting IFP on appeal, and Bryant may not benefit from this error. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002). Having attempted to deceive federal judges about his IFP status, Bryant "cannot expect favorable treatment on matters of discretion," which includes the privilege to proceed IFP. *See Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007). The appeal is dismissed and Bryant remains responsible for all fees due, both to this court and the district court. *See id.*; *Thurman v. Gramley*, 97 F.3d 185, 188 (7th Cir. 1996), *overruled in part on other grounds by Walker v. O'Brien*, 216 F.3d 626, 628–29 & n.1 (7th Cir. 2000). If Bryant attempts to file other litigation without paying required fees, he risks an order under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), barring him from filing any civil suits in this circuit until he has paid all the fees he owes. *See Campbell*, 481 F.3d at 970.

DISMISSED.