In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-1086

JORDAN WHITAKER,

*Plaintiff-Appellant,*

*v.*

MICHAEL DEMPSEY, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 18 CV 50373 — **Philip G. Reinhard**, *Judge.*

SUBMITTED JULY 24, 2023 — DECIDED OCTOBER 10, 2023

WOOD, *Circuit Judge,* in chambers. Jordan Whitaker, an Illinois prisoner, seeks leave to appeal *in forma pauperis*. He had just enough money to pay in full the appellate filing and docketing fees when he filed the notice of appeal, and so the district court denied the request. Whitaker now renews his motion with this court. FED. R. APP. P. 24(a)(5). Because the district court did not adequately consider the balance the Prison Litigation Reform Act (PLRA) struck between the need to collect fees and a prisoner's discretionary use of his funds, I grant

Whitaker's motion and provide this explanation for the bene-
fit of courts considering similar requests in the future.

The normal rule in federal court is that plaintiffs and ap-
pellants must prepay fees when initiating litigation. See 28
U.S.C. § 1914(c); FED. R. APP. P. 3(e). Those who cannot afford
to prepay fees may move for leave to proceed *in forma pau-*
*peris.* 28 U.S.C. § 1915(a)(1). If the motion is successful, the
court will waive the prepayment requirement, though the lit-
igant continues to owe the fees. See *Abdul-Wadood v. Nathan*,
91 F.3d 1023, 1025 (7th Cir. 1996). To that end, the PLRA man-
dates that a court apply a statutory formula to any prisoner
bringing a case *in forma pauperis* and collect an initial partial
filing fee equal to 20% of the greater of the prisoner's average
monthly deposits or balances in the past six months, and then
collect the remainder of the fees in installments based on 20%
of the prisoner's monthly income until the full debt is paid.
28 U.S.C. § 1915(b)(1)–(3). The current cost for bringing an ap-
peal is $505, comprised of a $5 fee for filing a notice of appeal
under 28 U.S.C. § 1917 and a $500 docketing fee under § 1913.

Whitaker is appealing an adverse order of summary judg-
ment on his claims that officials at Illinois's Dixon Correc-
tional Center were deliberately indifferent to the risk that he
would harm himself. The district court entered final judgment
on December 12, 2022, and Whitaker filed a timely notice of
appeal on January 11, 2023, thus incurring the obligation to
pay $505. After some delay attributable to miscommunica-
tions between him and the district court, Whitaker moved for
leave to proceed *in forma pauperis* and attached the prison trust

account statement required by the PLRA.[1] 28 U.S.C. § 1915(a)(2). The statement showed a current balance of $45 as of May 12, 2023, but on January 6—just before the notice of appeal—Whitaker had a balance of $573. Between those points, he had received $282 in additional deposits; he spent almost all his money at the prison commissary, with a small remainder going to postage.

The district court denied the motion. It recognized that eligibility to proceed as a pauper depended on the litigant's situation when the fee became due. See *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). And, it observed, Whitaker had enough money to pay the fees in full when they were due and when this court sent him a notice informing him as much. Because Whitaker, like other prisoners, received "the necessities of life" from the state, *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987), the court found that his past assets made him ineligible to proceed *in forma pauperis*.

Although Whitaker disputes whether he truly receives the necessities of life from the prison and insists that the commissary is the only place where he can obtain essential supplies to maintain adequate hygiene, I see no reason to weigh in on those questions. Even if he had spent the roughly $850 over the relevant period on nonessentials or continued to possess

---

[1] It appears that Whitaker may not have filed the correct statements. The statute requires statements "for the 6-month period immediately preceding the filing of the complaint or notice of appeal," but Whitaker seems to have provided statements for the 6-month period preceding the date when he filed the statements. The district court should explore this discrepancy to see if it affects the size of the initial partial filing fee or any other pertinent fact.

that full amount, it would still demand too much to require him to prepay the $505 in full.

The *in forma pauperis* statute does little to specify where to draw the line of eligibility for its benefits. Nor could it, given the diversity of financial situations that might confront courts—the decision is therefore a discretionary one, within broad limits. See *McWilliams v. Cook County*, 845 F.3d 244, 246 (7th Cir. 2017). To be sure, the plain text of the statute arguably supports denial here—§ 1915(a)(1) requires the person to show he is "unable to pay such fees" and Whitaker was literally able to pay the fees when he appealed. But the Supreme Court has not read this language literally to require that litigants put their last dollar toward a filing fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Court there was worried about an appellant's ability to afford necessities, and that concern is certainly at least muted for those in state custody, as we noted in *Lumbert*. Nonetheless, it does not follow that prisoners must prioritize their filing fees above all other expenses. *Lumbert* itself made that observation in upholding a pre-PLRA local rule requiring a prisoner to pay only 50% of his average monthly income for the prior six months. 827 F.2d at 258–59. Congress tracked this local rule— and similar rules elsewhere, see *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989) (collecting cases)—when it passed the PLRA a few years later, though it elected to make the partial fee only 20% of the prisoner's average income or average balance. For Whitaker, that might have amounted to less than $100 (based on the greater average balance reflected in his trust account statements), and *Lumbert*'s 50% of income rule would have asked for even less.

Although the privilege of paying this initial partial filing fee is limited to prisoners who have been granted leave to proceed *in forma pauperis*, *Newlin v. Helman*, 123 F.3d 429, 432–33 (7th Cir. 1997), any decision whether to grant such leave should be informed by the potential result that Congress outlined. Consistent with this observation, we have suggested that even a prisoner with $2000 in assets might be eligible to proceed *in forma pauperis*—at least if he discloses those assets. See *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016). Congress easily could have demanded that a prisoner put whatever he has toward a fee, and then pay any remainder later. Such a rule would have furthered the goal of forcing prisoners to "think twice about the case and not just file reflexively." *Bruce v. Samuels*, 577 U.S. 82, 87 (2016) (quoting legislative history). But no law pursues its goals at all costs, *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 150 (2023). Here, Congress adopted a compromise, obligating the prisoner to pay only 20% of his average income or balance, leaving up to 80% of his money for other uses. That compromise must be respected just as much as the law's purpose is. *Id.*

Drawing the line for *in forma pauperis* eligibility at the mere ability to pay the full filing fee fails to respect Congress's compromise. Worse, it can lead to odd results that Congress likely did not intend. For example, such a rule creates a sharp welfare cliff: a prisoner with a consistent monthly income of $504 that he spent in full would need to pay only $100.80, but a prisoner like Whitaker with a balance of a few dollars more would need to pay almost everything he has, regardless of his income. And if a prisoner were to have two cases at once—as he is certainly permitted, *Pratt v. Hurley*, 79 F.3d 601, 603 (7th Cir. 1996)–he might be deemed ineligible to proceed *in forma pauperis* in either case even if he cannot afford both fees. See

*Miller v. Hardy*, 497 F. App'x 618, 620–21 (7th Cir. 2012). A similar concern exists here: shortly after entering judgment, the district court awarded the defendants $175.20 in costs. At no point after the judgment was Whitaker able to pay both those costs and the filing fees in full. By requiring Whitaker to pay the full fees at once, the district court placed Whitaker's debt to the courts above his debt to his opponents, despite the PLRA mandating that both be collected in the same manner. 28 U.S.C. § 1915(f)(2)(B). By keeping the 20% payment formula in § 1915(b) in mind, courts can defer these and other conflicts until the prisoner has five cases, at which point it is Congress's intent that the prisoner pay everything he has available. See *Bruce*, 577 U.S. at 90 (holding the 20% monthly payments are additive per case, not sequential).

A court may well have discretion to find a prisoner ineligible short of the point where the outcome of the statutory formula exceeds the full fee, but Whitaker's income and assets are nowhere close to that limit. There is also nothing in the record to suggest that Whitaker deliberately depleted his account to avoid payment, which in any event would have been automatically deducted from his account, had the court granted his motion. See *Robertson v. French*, 949 F.3d 347, 353 (7th Cir. 2020). Absent such a concern, Whitaker should be permitted to prepay the prescribed portion of the fee with the rest to be collected from his future income, as Congress envisioned.

The district court did not separately certify that Whitaker was *not* bringing his appeal in good faith under § 1915(a)(3). See *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). My own review of the record does not convince me such a certification would be appropriate. The district court's summary

judgment opinion reflects that it found the resolution of the case to be difficult, even if it ultimately ruled against Whitaker. A good-faith appeal requires no more than that. See *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998).

I therefore grant Whitaker's motion for leave to proceed on appeal *in forma pauperis*. The district court is instructed to assess an initial partial filing fee for the appeal and to notify this court when the partial fee has been collected.