[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13073

Non-Argument Calendar

_____

GREGORY B. MYERS,

Plaintiff-Appellant,

*versus*

CITY OF NAPLES, FLORIDA,
a Florida Municipal Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00539-SPC-NPM

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Gregory Myers appeals the district court's dismissal of his complaint without prejudice for failing to pay a requisite filing fee. He argues that the district court abused its discretion because nothing requires that the filing fee be paid contemporaneously with the filing of the complaint and because the district court did not issue a show cause order prior to dismissing his case. He further contends that the district court's dismissal functions as a dismissal with prejudice because the statute of limitations has run as to one of his claims. Because we conclude that the district court did not abuse its discretion, we affirm.

**I.**

On July 18, 2023, Myers, a non-prisoner *pro se* litigant, filed a complaint in the Middle District of Florida under 42 U.S.C. Section 1983 and Fla. Stat. Section 163.3215 using the court's Electronic Document Submission Web Portal. He alleged that the City of Naples violated his rights by approving an ordinance and a resolution—the former of which resulted in the unlawful taking of his property and the latter of which was inconsistent with the city's Comprehensive Plan.

Six days later, the district court dismissed Myers's complaint without prejudice for failing to pay the filing fee or moving to proceed *in forma pauperis*. When doing so, the district court stated that Myers may file another complaint under a separate case number if

he so chooses—but the complaint must be accompanied by the filing fee or motion to proceed *in forma pauperis*.

Eight days later, Myers paid the filing fee. He also filed a motion to vacate the dismissal. The clerk refunded the fee, and the district court denied the motion. Again, the district court advised Myers that he should file a new complaint with the filing fee.

Myers appealed.

## II.

We review a district court's dismissal of a complaint for failure to comply with the rules of the court under an abuse of discretion standard. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Discretion means that the district court has a "range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005). Applying this standard, we will reverse only upon finding that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

## III.

Myers makes three arguments. First, he argues that the law did not require him to pay the filing fee contemporaneously with the filing of his complaint. Second, he argues that the Local Rules required the district court to issue a show cause order prior to dismissing his case. Third, he argues that the district court's dismissal

was effectively with prejudice because the statute of limitations ran on his state law claim between the filing of his complaint and the dismissal.

We will start with Myers's argument about whether he should have been required to pay the filing fee contemporaneously with his complaint. The law provides that each district court shall require parties instituting any civil action to pay a filing fee. *See* 28 U.S.C. § 1914(a). The law also permits district courts "by rule or standing order" to "require advance payment of fees." *See* 28 U.S.C. § 1914(c). As relevant here, a page on the district court's Web Portal advises *pro se* complainants that "[n]ew cases must include a motion to proceed *in forma pauperis* or a money order for the $405 filing fee must be mailed to the Clerk's Office." *Electronic Document Submission Web Portal*, M.D. Fla., https://apps.flmd.uscourts.gov/cmecf/filings_form.cfm [https://perma.cc/2BEF-A4SX].

We cannot say the district court abused its discretion in construing the Web Portal's directive as requiring contemporaneous payment of fees. The purpose of a filing fee is to make a filing possible. Accordingly, we have recognized that, "[t]o commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Whitaker v. Dempsey*, 83 F.4th 1059, 1060 (7th Cir. 2023) ("The normal rule in federal court is that plaintiffs and appellants must prepay fees when initiating litigation. . . . Those who cannot afford to prepay fees may move for leave to

proceed *in forma pauperis*."). Moreover, Local Rule 1.05(c), which the district court cited in its order, requires the clerk to "accept an initial paper *from a person in custody* even if no filing fee or motion for leave to proceed in forma pauperis accompanies the paper." (emphasis added). By providing an exception *only* for persons in custody—which Myers is not—this rule presupposes that all others must pay the fee contemporaneously.

Second, Myers contends that Local Rule 3.10 required the district court to issue a show cause order prior to dismissing his case. We disagree. Local Rule 3.10 provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Here, the district court dismissed for failure to pay the filing fee, not a failure to prosecute diligently. The district court could have warned Myers about the fee and given him time to comply. But we cannot say its way of handling this situation—dismissing without prejudice and advising Myers about how he could refile—violates this local rule.

Lastly, we address Myers's argument that the district court effectively dismissed his state law claim *with* prejudice because the statute of limitations for his state law claim expired between the filing of his complaint and its dismissal. Again, we disagree. According to the allegations in the complaint, the statute of limitations on Myers's state law claim began running on June 16, 2023, when the resolution was filed with the city clerk, and expired thirty days later on Sunday, July 16, 2023. Fla. Stat. § 163.3215. But Myers did not

file his complaint until Tuesday, July 18, 2023—two days after the statute of limitations had expired. Myers was not prejudiced by the district court's without-prejudice dismissal because the additional six days between the filing of his complaint and when he was told to refile did not affect the statute of limitations.

## IV.

Because we conclude that the district court did not abuse its discretion, we **AFFIRM**.